The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate award.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties as
STIPULATIONS
1. At the time of the plaintiff's injury, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between plaintiff and defendant-employer at the time of plaintiff's injury.
3. Defendant-employer is a duly qualified self-insurer with Consolidated Administrators, Incorporated as its servicing agent.
4. Plaintiff sustained a compensable injury by accident to his left heel, left elbow and pelvis on July 18, 1991.
5. The parties entered into an Industrial Commission Form 21 which the Industrial Commission approved on August 18, 1991.
6. Plaintiff received compensation for temporary total disability from July 19, 1991 through June 16, 1992.
7. Plaintiff's average weekly wage is $265.51, yielding a compensation rate of $177.01.
8. At the hearing, the parties stipulated to the following:
a. An Industrial Commission Form 22.
 b. Plaintiff's wage and attendance records from Quality Millwright Welding, Incorporated.
 c. Plaintiff's medical records from Dr. Bruce D. Wilhelmsen.
 d. Plaintiff's Functional Capacity Assessment Report from Pitt County Memorial Hospital.
 e. Plaintiff's progress reports from Ms. Daean Menke of Resource Opportunities, Incorporated.
* * * * * * * * * *
The Full Commission adopt as their own all findings of fact found by the Deputy Commissioner, as follows:
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional
FINDINGS OF FACT
1. Plaintiff is a twenty-nine year old male. On July 18, 1991, plaintiff sustained a compensable injury by accident when he fell through sheet metal while on the roof of a warehouse.
2. Pitt County Memorial Hospital initially treated plaintiff for his multiple fractures, which included a crushed left heel, fractured left elbow and separated pelvis.
3. On referral from Pitt County Memorial Hospital, Dr. Bruce D. Wilhelmsen treated plaintiff for his injuries on August 9, 1991. Dr. Wilhelmsen continued to treat plaintiff on a follow-up basis, and on March 18, 1992 gave him a rating of 40 percent permanent partial disability to the left foot. In a letter dated May 1, 1992, Dr. Wilhelmsen indicated that plaintiff had zero percent permanent partial disability to his elbow. On May 20, 1992, Dr. Wilhelmsen discharged plaintiff from his care and released him to return to work.
4. Resource Opportunities, Incorporated began vocational assistance with plaintiff on April 2, 1992.
5. Plaintiff began working on June 16, 1992 for Swan Point Boats as a boat builder.
6. Defendant paid plaintiff, pursuant to an approved Form 21 Agreement, temporary total disability benefits for his injuries from July 19, 1991 through June 16, 1992.
7. Based on the testimony of Mr Bill Talley, the undersigned find that plaintiff worked at Swan Point Boats for 15 to 20 hours per week for a period of two and one-half weeks. During that period of employment, plaintiff earned $4.65 per hour, yielding an average weekly wage of $93.00.
8. Based on the testimony of Mr. Talley, the undersigned find that plaintiff left his employment with Swan Point Boats on July 3, 1992.
9. Since July 6, 1992, plaintiff has worked as a subcontractor, managing a recycling center at the Wellcome Solid Waste Container site. Plaintiff is employed by Mr. Gary Nobles and works 60 hours per week. Plaintiff earns a flat weekly wage of $215.00.
10. Prior to the hearing, defendant indicated a willingness to compensate plaintiff for temporary partial disability at a rate of $33.67 per week.
* * * * * * * * * *
Based upon the findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission find as follows:
CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer on July 18, 1991. G.S. 97-2(6). Defendant has fully compensated plaintiff for temporary total disability benefits for this injury.
2. Plaintiff is entitled to payment of temporary partial disability in the amount of two-thirds of the difference between his average weekly wage before and after his injury. G.S. 97-30.
3. Since plaintiff earned an average weekly wage of $265.51 per week before his injury and earned an average weekly wage of $93.00 per week at Swan Point Boats, two-thirds of the difference between these average weekly wages yields compensation in the amount of $115.00 for temporary partial disability. G.S. 97-30.
4. Since plaintiff earned an average weekly wage of $265.52 per week before his injury and currently earns an average weekly wage of $215.00 per week, two thirds of the difference between these average weekly wages yields compensation in the amount of $33.67 per week for temporary partial disability. G.S. 97-30. Plaintiff has argued on appeal that the average weekly wage calculation, as found by the Deputy Commissioner based upon plaintiff's sixty hours per week and a flat weekly wage of $215.00 per week is in error. Instead, plaintiff has proposed that G.S.97-2(5)'s catch-all method is the fair method for determination and should be applied. In particular, plaintiff proposes the following as the proper method for determination:
 (1) Begin with the flat weekly pay of $215.00 per week; (2) then subtract the required self-employment taxes; (3) then subtract one-half of the total social security taxes since one-half would have been paid even before the injury; (4) then divide that figure by the 60 hours worked per week to get a per/hour value; (5) then multiply the per/hour value times 40 hours.
This method is without legal support and further is not considered by the undersigned to be a proper and fair method for calculation in consideration of all of the facts of this case. The undersigned do not feel that there is a sufficient need for the "catch-all" method to be used in the case at hand.
5. Since plaintiff has returned to work and is currently employed, plaintiff is not entitled to vocational retraining. G.S. 97-25. The undersigned do not find vocational retraining is necessary in the case at hand, in that there is no convincing evidence to the undersigned that such training would lessen plaintiff's period of temporary partial disability brought about by his current job. Plaintiff is currently capable of working 60 hours per week at $215.00 per week and has not sufficiently shown that any particular retraining would lessen his period of diminished earning capacity.
* * * * * * * * * *
Based upon these conclusions of law, the Full Commission have determined there exists no basis for amending the Award. Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
AWARD
1. Subject to counsel fees, defendant shall compensate plaintiff for temporary partial disability in the amount of $115.00 per week for the period June 16, 1992 to July 3, 1992. G.S. 97-30.
2. Defendant shall compensate plaintiff for temporary partial disability pursuant to G.S. 97-30 since July 6, 1992 and continuing for necessary weeks. Compensation as has accrued shall be paid, subject to counsel fees hereinafter approved in a lump sum without commutation. At the time of the hearing, the amount of temporary partial disability compensation due plaintiff was $33.67 per week. Said amount, however, is subject to change per G.S. 97-30.
3. Counsel fees in the amount of 25 percent of the compensation awarded to plaintiff is approved for plaintiff's counsel. One-fourth of the accrued compensation payable to plaintiff shall be paid directly to plaintiff's counsel and thereafter every fourth check of plaintiff's compensation shall be paid directly to plaintiff's counsel.
4. Plaintiff's claim for additional benefits under G.S. 97-25
is DENIED.
5. Defendant shall bear the costs.
This the ___________ day of _________________________, 1994.
 S/ ______________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ ______________________________ FORREST H. SHUFORD II DEPUTY COMMISSIONER
S/ ______________________________ COY M. VANCE DEPUTY COMMISSIONER
JHB/nwm 10/03/94